```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION
```

**NAZAR ALIDAN,**                   :

    **Petitioner,**              :

vs.                              :
                                     CIVIL ACTION No. 06-00808-WS-B
**DAVID O. STREIFF[1],** *et al.*,   :

    **Respondents.**             :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C § 2241 by Nazar Alidan, a citizen and native of Iraq, who filed this action while detained by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Perry County Correctional Center in Uniontown, Alabama. (Doc. 1). Because Petitioner has failed to prosecute this action, it is recommended that this action be dismissed without prejudice.

Petitioner filed his petition for habeas relief on November 27, 2006 (Doc. 1) and paid the required $5.00 filing fee (Doc. 2). Subsequent thereto, a copy of the Court's Order (Doc. 3) referring this matter to the undersigned for report and recommendation was mailed to Petitioner at his address of record, and on December 15, 2006, Petitioner's copy of the Order was returned with the notations "Refused" and "Return To Sender[;] Addressee Not At This

---

[1] Bill Bateman is no longer the Warden of the Perry County Correctional Facility. Accordingly, pursuant to the provisions of Rule 25(d) of the Federal Rules of Civil Procedure, David O. Streiff, as Warden of that facility, is substituted for Bateman as a proper Respondent in this action.

Facility." (Doc. 4).  As a result, the Court entered an Order, dated January 29, 2007, directing all parties to provide the Court with Petitioner's forwarding address by February 28, 2007. (Doc. 5).  Petitioner's copy of the Court's January 29, 2007 Order was returned to the Court on February 6, 2007 with the notations "Refused" and "Return To Sender[;] Addressee Not At This Facility" (Doc. 6). Consequently, Court personnel contacted the Perry County Correctional Center and learned that Petitioner was released on December 11, 2006. Officials at the Perry County Correctional Center do not have a forwarding address for Petitioner, and to date, Petitioner has not taken any steps to update his address with the Court.[2]

Due to Petitioner's failure to prosecute this action and keep the Court notified of his current address, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust</u>

---

[2] In his petition, Alidan stated that in the event of his release, he would reside with his wife and children at 1565 Bath Avenue, Apartment 3F, Brooklyn, New York 11228, his residence since 1995. However, the Court has been unable to confirm that Petitioner is, indeed, residing at this address.

2

Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L. Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **13th** day of **March, 2008**.

                               **/s/ SONJA F. BIVINS**
                           **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)©; *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    <u>     /s/ SONJA F. BIVINS     </u>
                                    **UNITED STATES MAGISTRATE JUDGE**

4